UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PHILLIP WALTON,

    Petitioner,

v.                                                 Case No: 5:18-cv-455-Oc-60PRL

WARDEN, FCC COLEMAN – LOW,

    Respondent.

## ORDER

Petitioner initiated this civil action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Respondent filed a Response (Doc. 13). The Court provided Petitioner with an opportunity to file a reply (Doc. 14), but he did not do so.

In his Petition, Petitioner asserts the sentencing court erroneously applied the "career offender enhancement" under USSG § 4B1.1 when imposing his sentence. He argues the enhancement does not apply to him because his prior state court conviction for delivery of cocaine in violation of F.S. § 893.13 does not qualify as a "controlled substance offense" under USSG § 4B1.2 (Doc. 1-1 at 17). As a result, according to Petitioner, he must be resentenced without the imposition of the career offender enhancement (*id.*).

### *a. Background*

Petitioner is a federal inmate incarcerated at the Coleman Federal

Correctional Complex. Petitioner was charged by Indictment in the Southern District of Florida with the following crimes: felon in possession of a firearm (count one); possession of an unregistered firearm with a barrel length of less than 18 inches (count two); possession with intent to distribute 5 grams or more of cocaine base (count three); and possession of a firearm in furtherance of a drug trafficking crime (count four) (Doc. 13 at 2). A jury convicted Petitioner of counts one, two, and three, and found him not guilty of count four (*id.*). The District Court sentenced Petitioner to 120-month term of incarceration on counts one and two to run concurrent with a 300-month term of incarceration for count three (*id.* at 2-3). Petitioner appealed and the Eleventh Circuit Court of Appeals affirmed his judgment and sentences (*id.* at 3). Petitioner then filed two § 2255 motions, both of which were denied (*id.* at 2).

### b. Analysis

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 Proceedings. The Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds. *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1079 (11th Cir. 2017); *Bernard v. FCC Coleman Warden*, 686 F. App'x 730 (11th Cir. 2017) (citing *McCarthan*, 851 F.3d at 1092-93). None of those grounds are present in this case. Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, this

case is due to be dismissed.[1] *See also* 28 U.S.C. § 2255(b).

Accordingly, it is

**ORDERED and ADJUDGED**:

The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Tampa, Florida, this 26th day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Jax-7

C:   Phillip Walton, #79053-004
     Lacy R. Harwell, Jr., Esq.

---

[1] The Court notes that this case is Petitioner's second attempt to challenge his sentence under § 2241. *See Walton v. Warden, FCC Coleman – Low*, No. 5:16-cv-448-Oc-41PRL (M.D. Fla. Feb. 27, 2019) (Doc. 11). The Court also dismissed that case under the purviews of *McCarthan*.